**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID K. EASLICK, JR.,

    Plaintiff,

v.                                                Case No. 10-10621

DELTA KAPPA EPSILON FRATERNITY,

    Defendant.
                                               /

**OPINION AND ORDER DENYING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**

On February 12, 2010, Plaintiff David K. Easlick, Jr., filed a complaint in this court against Defendant Delta Kappa Epsilon Fraternity ("DKE") for failure to pay a promissory note upon demand. The note in question was allegedly issued by DKE in consideration of loans Easlick made to the fraternity during his tenure as its director. On August 30, 2010, Defendant moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, claiming that the evidence shows that Plaintiff had been fully repaid. Because the court finds that there exists a genuine issue of fact regarding the principal amount of the loans, Defendant's motion will be denied.

**I. BACKGROUND**

Plaintiff and Defendant agree on most of the material facts in this case. Easlick served as the Executive Director of DKE for approximately twenty years, during which time he made numerous personal loans to the organization. The loans span a period from at least 1997 through 2009. Much of the outstanding balance of these loans has been repaid. Plaintiff has produced a document that he claims is a valid demand note

executed by DKE on May 26, 1997. (Compl. Ex. A.) The presented note covers loans by Easlick to DKE "from time to time" and provides for the payment of interest. However, Plaintiff admits that interest was not "in fact" charged during the loan period. Plaintiff and Defendant agree on the total value of repayments made by DKE to Easlick. They disagree on the total principal value of the loans, and they may disagree on whether interest is owing on the loans.

During FY 2009, while Easlick was still employed by DKE, it engaged an accounting firm to perform an audit of its records for FY 2008. The firm relied upon the records presented to them, and its report noted that it could not express an opinion on the loans without full access to all documentation from all years. (Pl. Mot. Ex. K, 76.) The accounting firm did, however, state an opinion that DKE repaid $70,943.46 of its loans to Easlick during FY 2008. (Pl. Mot. Ex. K, 33.) Upon the information available to it, the firm also stated that the balance on the loans was approximately $920 after repayment and reclassification of some transactions. (Pl. Mot. Ex. K, 33.) The accounting firm also determined that the loans were made without charging interest and without a written loan document or promissory note. (Pl. Mot. Ex. K, 33.) However, Plaintiff responds that eight transactions between June 2002 and November 2004 were improperly classified as income rather than loans in the records.

## II. STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-

2

moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court does not weigh the evidence to determine the truth of the matter, but rather, to determine if the evidence produced creates a genuine issue for trial. *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party discharges its burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must put forth enough evidence to show that there exists "a genuine issue for trial." *Horton,* 369 F.3d at 909 (citing *Matsushita*, 475 U.S. at 587). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52.

The existence of a factual dispute alone does not, however, defeat a properly supported motion for summary judgment—the disputed factual issue must be material. *See id.* at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable

jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict – 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'" (alteration in original) (citation omitted)). A fact is "material" for purposes of summary judgment when proof of that fact would establish or refute an essential element of the claim or a defense advanced by either party. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).

### III. DISCUSSION

At issue in this case is the amount DKE owes Easlick for loans made over the course of at least a decade. Defendant has moved for summary judgment, claiming the loans have been entirely repaid. As the moving party, Defendant bears the burden of establishing that there is no genuine issue as to the amount owing on the loans and that the loans were completely repaid. Defendant argues it has met this burden by pointing to the FY 2008 audit and tax returns filed by DKE and signed by Easlick in 2008 and 2009. These documents do indicate that the loans had a total balance of $72,443 at the beginning of FY 2008, which decreased substantially during that year. The tax returns show the balance had been paid down to $1,296 by the end of FY 2008, corresponding to a reduction of $71,147. The independent auditor's report agreed. (Pl. Mot. Ex. J.) A second audit report, however, found a reduction of $70,943.46 over the same period. (Pl. Mot. Ex. K.) Finally, Defendant produces ledger entries indicating that the loans were paid down to zero on August 18, 2008. If accepted these records would indicate that the loans had been repaid in full, and that Defendant should prevail.

4

Rule 56, however, does not provide for summary judgment based upon the contested assertions of the movant. When the evidence produced in support of a motion for summary judgment would be sufficient to establish the lack of a genuine issue of material fact, the respondent must produce more than an affidavit denying the evidence or reasserting the claims made in the complaint. *Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993); *see also Celotex*, 477 U.S. at 324-25 (once movant shows an absence of evidence for a claim, respondent must show the existence of genuine issue); *Anderson*, 477 U.S. at 251 (respondent must produce more than mere scintilla of evidence to survive summary judgment). Plaintiff has met his burden by presenting a plausible explanation, supported by documentary evidence and the affidavit of a nonparty witness who has personal knowledge of the alleged facts. Plaintiff has presented affidavits and records indicating that eight loans between 2002 and 2004 were miscategorized and not accurately reflected in Defendant's records.

Plaintiff has produced sufficient evidence to demonstrate the existence of a factual dispute over the amount of the remaining balance. The audits and tax returns proffered by Defendant neither address the relevant period nor directly contradict Plaintiff's claims. The accounting firm noted repeatedly that it was auditing DKE's finances based upon the information provided and that its audit was confined to FY 2008. The allegedly miscategorized loans occurred several years prior to the audit period and were not independently verified by the accountants. The tax returns that show the loans nearly repaid in 2008 would also have relied upon the erroneous ledger entries. Considering this evidence, a reasonable jury could find in favor of Plaintiff.

Viewing the record thus established in a light most favorable to Plaintiff, some $89,342.50 in loan principal was potentially miscategorized as income to Defendant. That this amount differs from the $139,650.41 demanded in the complaint is no surprise, as the larger figure includes interest charged over the course of more than a decade. Defendant's reply misinterprets Plaintiff's response. Plaintiff has not, as Defendant suggests, crafted an entirely new case in his response. All eight allegedly miscategorized ledger entries appear within the ledger attached to the complaint as Exhibit B. Nor is the difference in relief demanded dispositive. As this case is properly before the court, Plaintiff can prevail by proving he is yet owed any amount in repayment of the loans. Although Defendant has produced evidence sufficient to establish repayment of a large portion of the loans during FY 2008, it has not presented evidence so overwhelming that Plaintiff's evidence cannot support a rational jury finding in his favor. Therefore, this court will deny the instant motion.

## IV. CONCLUSION

Plaintiff has presented sufficient evidence for a reasonable jury to accept his factual assertions, and those assertions would entitle him to relief under the law. Defendant has failed to show that there is no genuine issue of material fact. The amount of the loans between 2002 and 2004 remains in dispute and is properly to be determined by the jury. Accordingly,

6

IT IS ORDERED that "Defendant's Motion for Summary Judgment" [Dkt. # 18] is DENIED.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: October 22, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 22, 2010, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\10-10621.EASLICK.Deny.SJ.nkt.wpd
7